*Administrative Office of the Courts, et al. v. Abell Foundation*, Case No. 1955, September Term 2019. Opinion by Nazarian, J.

**MARYLAND PUBLIC INFORMATION ACT – ADMINISTRATIVE RECORDS – DISCLOSURE OF RECORDS**

Maryland Rule 16-905 requires the custodian of an administrative record to deny a request to disclose that record unless (among other things) the record is a local rule, policy, or directive that governs the operation of the court. The Administrative Office of the Courts could not rely on Rule 16-905 to deny inspection of a table listing codes used to identify individual district court judges because the table embodied the AOC's policy to display codes on Case Search rather than judges' names.

Circuit Court for Baltimore City
Case No. 24-C-18-005684

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1955

September Term, 2019
_____

ADMINISTRATIVE OFFICE OF THE
COURTS, ET AL.

v.

ABELL FOUNDATION
_____

Nazarian,
Arthur,
Zarnoch, Robert A.
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Nazarian, J.
_____

Filed: September 2, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

On any given business day, a member of the public can walk into the District Court in Baltimore City, take a seat in a courtroom, and watch a judge hear and decide that day's docket. If, however, they try to look up those same cases on the Judiciary's Case Search website, the identity of the judge appears in the form of a three-character alphanumeric code that isn't translated on Case Search itself. On July 20, 2018, the Abell Foundation (the "Foundation") submitted a request to the Administrative Office of the Courts (the "AOC") under the Maryland Public Information Act (the "MPIA") seeking "a copy of the list of unique identifiers assigned to judges serving in the District Court for Baltimore City." The AOC, through its custodian of records, denied the request on the ground that the "list of unique identifiers" was "an administrative record under Maryland Rule 16-905(f)(3) and is non-disclosable." The Foundation sought judicial review in the Circuit Court for Baltimore City, and after motions from both sides, the court granted summary judgment in favor of the Foundation, reasoning that the "list of unique identifiers" "functions as 'a local rule, policy, or directive that governs the operation of the court'" and was not exempt from disclosure. We agree and affirm.

## I.    BACKGROUND

### A.    Maryland Public Information Act

The MPIA provides "access to public records while protecting legitimate government interests and the privacy rights of individual citizens." *Maryland Public Information Act*, Md. Off. Att'y Gen., https://www.marylandattorneygeneral.gov/Pages/OpenGov/pia.aspx, [https://perma.cc/6TLL-35XA] (last visited June 28, 2021). To access records under the MPIA, a requester submits a "written application" to the "custodian" of

the requested document. Md. Code (2014, 2019 Repl. Vol.), § 4-202 of the General Provisions Article ("GP"). Generally speaking, the MPIA errs on the side of disclosure and requires the custodian to search for and disclose responsive materials. At the same time, though, "a custodian shall deny inspection of a public record or any part of a public record if . . . the inspection would be contrary to . . . the rules adopted by the Court of Appeals." GP § 4-301(a)(2)(iii).

### B.    The Maryland Rules

Title 16, Chapter 900 of the Maryland Rules "govern[s] public access to judicial records, whether in paper or electronic form." Md. Rule 16-901(a) (2019).[1] The term "judicial records" encompasses five categories, one of which is an "administrative record." Md. Rule 16-902(h) (2019). An administrative record is a record that "(A) pertains to the administration of a court, a judicial agency, or the judicial system of the State; and (B) is not a case record." Md. Rule 16-902(a)(1)(A–B) (2019). The custodian of an administrative record must deny access if, among other requirements not in dispute here, the record is purely administrative, but is not a local rule, policy, or directive that governs the operation of the court. Md. Rule 16-905(f)(3) (2019).

### C.    Maryland Judiciary Case Search

Maryland Judiciary Case Search is an online public platform, operated by the AOC, that provides online public access to certain information contained in state court case records. Case Search utilizes several abbreviations that are translated on its Frequently

---

[1] Since 2019, the Maryland Rules regarding access to judicial records have been amended and re-codified. This request is governed by the Rules in effect in 2019.

Asked Questions page. Case Search pages for cases heard in the District Court for Baltimore City use an additional abbreviation—an alphanumeric identifier in lieu of the name of the judge. And unlike other abbreviations, Case Search contains no key or other way for users to translate the alphanumeric identifiers into the name of the judge associated with the entry.

### D.     The Request

In 2018, the Foundation submitted a written request to the AOC seeking "a copy of the list of unique identifiers assigned to judges serving in the District Court for Baltimore City" (the "Edit Table"). The custodian of records denied that request, and the Foundation filed suit against the AOC and Thomas Wenz, then the AOC's Public Information Officer. The AOC and Mr. Wenz moved to dismiss, and the court denied that motion with respect to claims against the AOC but dismissed Mr. Wenz, who by that point no longer worked for the AOC. The Foundation responded by filing an amended complaint against the AOC and Nadine Maeser, the Public Information Officer of the AOC, who was later dismissed, and Polly Harding, the Director of Administrative Services for the District Court Headquarters, who responded with a second motion to dismiss or, in the alternative, for summary judgment. The Foundation opposed the motion to dismiss and cross-moved for summary judgment. The AOC responded with an affidavit from Ms. Harding describing why the Edit Table exists and how it is used.

The circuit court granted summary judgment for the Foundation. The court began by noting that the Foundation's request didn't involve the denial of access to the courts themselves, or even access to the names of the judges from the daily docket—the request

involved the ability to identify judges from Case Search as "a matter of convenience rather than fundamental access," and "[t]he more technical aspects of Md. Rule 16-905(f)(3) are not overcome by general principles of openness." The court acknowledged that in order to deny access to an administrative record covered by Rule 16-905(f)(3), three things must be true. *First*, the record must be "prepared by or for a judge or other judicial personnel." Md. Rule 16-905(f)(3)(A). *Second*, it must be "(i) purely administrative in nature but not a local rule, policy, or directive that governs the operation of the court or (ii) a draft of a document intended for consideration by the author or others and not intended to be final in its existing form." *Id.* (B). *And third*, it must not be "filed with the clerk and not required to be filed with the clerk." *Id.* (C). The Edit Table indisputably satisfied the third of these criteria, and the court found readily that it was not a draft and that it was a document prepared for judicial personnel.

The question, then, was whether the Edit Table is "purely administrative in nature but not a local rule, policy, or directive that governs the operation of the court." *Id*. (B)(i). Although the court agreed with the AOC that the Edit Table is administrative, it found that the document was an integral part of implementing the AOC's administration of Case Search, and specifically of its policy to not disclose the identity of District Court judges by name. And because the AOC provided a helpful explanation and key to other shorthand codes used in docketing, *see Case Search – Frequently Asked Questions*, Md. Cts., General Information, Item 8, https://mdcourts.gov/casesearch2/faq [https://perma.cc/7SNP-JLGR] (last visited June 28, 2021), there was "no basis asserted to distinguish between that operational policy, practice, or directive and the non-disclosure of the edit table providing

a very similar key to identify individual District Court judges." Accordingly, the court found that Rule 16-905(f)(3) did not require the AOC to deny access to the Edit Table, the only rationale the AOC offered for withholding it.

The AOC filed a timely notice of appeal. We supply additional facts as necessary below.

## II. DISCUSSION

The issue before us is a purely legal one: the AOC challenges the circuit court's interpretation of Rule 16-905(f)(3), and specifically, its conclusion that the Edit Table qualifies as a local rule, policy, or directive.[2] As in the circuit court, there are no disputed facts nor any other bases asserted for denying the Foundation's request for the Edit Table. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the party in whose favor judgment is entered is entitled to judgment as a matter of law." Md. Rule 2-501(f). We review a grant of summary judgment under the MPIA *de novo*. *Amster v. Baker*, 453 Md. 68, 75 (2017).

The AOC argues, in a couple of different ways, that the plain meaning of Rule 16-905(f)(3) precluded disclosure of the Edit Table and that the circuit court misconstrued and misapplied the Rule in holding otherwise. To be sure, "[t]he canons and principles which we follow in construing statutes apply equally to an interpretation of our rules." *State v.*

---

[2] The AOC phrased its Question Presented as follows:

> 1. Did the circuit court misinterpret the administrative-record exemption in concluding that a mainframe edit table correlating each District Court judge with an alphanumeric code is a "local rule, policy or directive" subject to disclosure?

*Romulus*, 315 Md. 526, 533 (1989). As with a statute, we interpret and apply the text of the

Maryland Rules to effectuate their purposes and objectives. *Johnson v. State*, 360 Md. 250,

264 (2000). But as we'll see in working through this particular Rule, text arises in context,

and phrases or portions of a Rule need to be understood as part of the Rule itself and the

broader scheme into which it fits:

> We, however, do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone. Rather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute.

*Dolon v. Montgomery Cty. Pub. Sch.*, 460 Md. 62, 76 (2018).

The text at issue here appears in Maryland Rule 16-905(f)(3). That Rule defines a

universe of judiciary administrative records to which, if requested, the custodian *shall* deny

access. To fall into this group of mandatory denials, a document must meet all three of the

criteria listed in the Rule:

> The custodian shall deny inspection of the following administrative records: . . .
>
> (3) an administrative record that is:
>
> (A) prepared by or for a judge or other judicial personnel;
>
> (B) either (i) purely administrative in nature *but not a local rule, policy, or directive that governs the operation of the court* or (ii) a draft of a document intended for consideration by the author or others and not intended to be final in its existing form; and
>
> (C) not filed with the clerk and not required to be filed with the clerk.

Md. Rule 16-905(f)(3) (emphasis added).

The circuit court's analysis focused on section 16-905(f)(3)(B)(i), and here, the AOC's arguments do as well. The AOC contends that the Edit Table, a purely administrative document, unambiguously is not "a local rule, policy, or directive that governs the operation of the court." *Id.* (B)(i). We need look no further than that phrase itself and to dictionary definitions of the key words, it argues—the Edit Table is not a local rule, it's not a policy, and it's not a directive. The Edit Table wasn't adopted as a formal rule by the Court of Appeals or any judicial body or officer, so it can't be a rule. *See* Md. Const. art. 4, § 18(a) (authorizing the Court of Appeals to adopt rules); Md. Rule 1-102 (authorizing limited range of local rules in Maryland courts). It isn't a policy because, as definitions in Merriam-Webster and Black's Law Dictionary suggest, it doesn't contain or describe a course or method of action or reflect any choice among alternative courses. It's not a directive because, again citing Merriam-Webster, the Edit Table doesn't direct or guide anyone toward a particular action or goal or serve as an authoritative order. And because it is none of these things, the AOC argues, Rule 16-905(f)(3)(B)(i) required the AOC to deny access.

But AOC's sole focus on those important terms leaves out the last part of the operative sentence, which is where the circuit court parted company with the AOC, and where we part as well. Subsection (f)(3)(B)(i) requires the custodian to deny inspection of records that are "purely administrative in nature but not a local rule, policy, or directive *govern[ing] the operation of the court*" (emphasis added). The circuit court found that the Edit Table "also functions as a 'local rule, policy, or directive govern[ing] the operation of the court'" because it enacted the AOC's policy not to identify District Court judges by

name on Case Search. As the custodian explained in her affidavit, the Edit Table was an integral part of implementing the AOC's administrative policies and directives. The Edit Table contains the codes "used by clerical staff of the District Court and others when entering information into the mainframe system which is an electronic legacy case management system," and "District Court clerks use these codes to efficiently input information about docket events into the mainframe system [and] [i]n part, the use of these unique codes enables the mainframe system to account for judges that share the same name." The Edit Table may not state the words of the policy or directive itself, but it embodies and enables the AOC's policy decision to display the codes on Case Search rather than the names of the judges. In that sense, then, the Edit Table serves as a policy or directive that "govern[s] the operation of the court," and therefore is not within the universe of documents the custodian is required to withhold. Md. Rule 16-905(f)(3)(B)(i).

We disagree with the AOC's view that this reading expands or blurs the scope of the Judiciary's disclosure obligations. So far as the record in this case reflects, there is no document or record stating the AOC's policy not to identify District Court judges by name on Case Search. That policy exists only in the documents or records that enable or implement it. But the AOC's reading of Rule 16-905(f)(3)(B)(i) would limit its obligation to the records expressly stating any local rules, policies, or directives; applied as the AOC argues we should, the AOC would respond to a request for this policy and the records implementing it with nothing. Where, as here, the Edit Table is the only tangible manifestation of the policy, the universe of records subject to mandatory denial under the AOC's construction of the Rule is limited in a way that is inconsistent with its text and

meaning within the Rules as a whole and the overall scheme. *See Johnson*, 360 Md. at 265 (stating "[t]o prevent illogical or nonsensical interpretations of a rule, we analyze the rule in its entirety, rather than independently construing its sub-parts").[3]

*Finally*, the AOC takes issue with the circuit court's recognition that Case Search's Frequently Asked Questions page translates other Case Search abbreviations, and the court's conclusion that "[t]here is no basis asserted to distinguish between that operational policy, practice, or directive and the non-disclosure of the edit table providing a very similar key to identify individual District Court judges." The AOC offers two distinctions now. *First*, the Edit Table doesn't contain abbreviations, it says, but lists "codes used to identify individual district court judges in the Maryland Judiciary Case Search Database." But the Merriam-Webster definition of the word "abbreviation"[4] on which the AOC relies could accommodate either the currently available abbreviations or the codes on the Edit Table. Yes, the alphanumeric codes are not a literal shortening of the judges' names, but they are a shortened form of a written word or phrase that is used in place of the judges' real names.

*Second*, the AOC says, the abbreviations currently translated on the Frequently Asked Questions page contain different information than what the Edit Table would provide to users, warranting different treatment of the Edit Table. But what matters here is

---

[3] If, on the other hand, there had been a memo or some other tangible manifestation of the policy, the Edit Table might well be subject to mandatory denial on this basis.

[4] Abbreviation is defined as "a shortened form of a written word or phrase used in place of the whole word or phrase[.]" *Abbreviation*, Merriam-Webster, https://www.merriam-webster.com/dictionary/abbreviation (visited June 28, 2021).

whether the Edit Table is a record, as that term is defined in the MPIA and judicial records Rules. Records can take different forms and all are subject to disclosure where required. *See* Md. Rule 16-901(a) ("Except as expressly provided or limited by other Rules, the Rules in this Chapter govern public access to judicial records, whether in paper or electronic form."). The point, with which we agree, is that the AOC maintains policies about the Case Search shorthands it does and doesn't translate, and those policies appear to be embodied in the translation keys themselves. The AOC's decision to reveal some and not others doesn't estop it from seeking to withhold the Edit Table as such, but the decision to withhold it does need to be grounded in the Rules. We agree with the circuit court that it wasn't.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. APPELLANT TO PAY COSTS.**